IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON OUTLAW, #353453 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-11-3511 |
| SGT. HELEN JONES[1] | * | |
| MAJOR CHRISTINA TYLER | | |
| | * | |
| Defendants | | |

***

## MEMORANDUM OPINION

Plaintiff Aaron Outlaw ("Outlaw"), a self-represented prisoner currently housed at Eastern Correctional Institution ("ECI"), complains that the named correctional employees fail to process prisoner mail in a timely manner. As a result, he claims mail from family members as well as legal mail is received late. He further claims that on one occasion his federal lawsuit was dismissed because of mailroom delay and seeks unspecified money damages. Now pending is an unopposed[2] motion to dismiss or for summary judgment filed on behalf of Defendants (ECF No. 9), which shall be construed as a motion for summary judgment filed pursuant to Fed. R. Civ. P. 56.[3] No hearing is required to resolve the issues presented in the Complaint. *See* Local Rule 105.6 (D. Md. 2011).

---

[1] The Clerk shall amend the docket to reflect the full spelling of Defendants' names.

[2] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on March 7, 2012, Outlaw was notified that Defendants had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF No. 10  Outlaw was informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the court. *Id.* To date, he has failed to respond.

[3] The dispositive submission will be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure because materials outside the four corners of the document have been considered. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

**Background**

Outlaw was transferred from Maryland Correctional Institution – Hagerstown ("MCI-H") to ECI on August 3, 2011, and housed in the segregation unit until February 13, 2012, when he was released to general population. ECF No. 9, Exhibit 1 at 1-2. Prisoners on segregation deposit mail in locked mailboxes during recreation periods. ECF No. 9, Exhibit 3, Declaration of Helen Jones, ¶ 4. Sgt. Jones, assigned to that unit several days a week as a back-up sergeant, played no role in mail collection. *Id*., Exhibit 3, ¶ 3. During the period relevant to this action, Major Tyler was the evening shift commander assigned to the segregation area where Outlaw was housed. *Id*., Exhibit 4, ¶ 3. It does not appear that either Jones or Tyler played any role in the collection or posting of prisoner mail. Sgt. James Balderson, who is not named in this action, was the mailroom supervisor at ECI. *Id*., Exhibit 2, ¶ 2.

Outlaw does not specify which of his thirteen federal lawsuits was dismissed due to alleged delay in mail delivery. The court notes, however, that on September 30, 2011, *Outlaw v. Davis, et al.,* Civil Action No. DKC-11-2038 (D. Md.), a civil rights lawsuit initiated July 22, 2011, against MCI-H health care providers, was dismissed without prejudice because Outlaw had been transferred to another institution nearly two months earlier, yet failed to provide the Clerk his new address. *Id*., ECF No. 5. Mail log entries submitted by Defendants show that Outlaw likely received notification that his action was dismissed on October 3, 2011.[4] *Id*., Exhibit 6 at 8.

**Standard of Review**

Rule 56(a) & (c) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense--
> or the part of each claim or defense--on which summary judgment is sought.
> The court shall grant summary judgment if the movant shows that there is no

---

[4] The dismissal order was mailed to Outlaw at his last known address, MCI-H. As it was never returned to the Clerk, the court assumes it was forwarded by the MCI-H mailroom to ECI and, per the mail log, provided to Outlaw.

2

> genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
>
> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

This does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

The party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met that burden, the non-moving party must come forward and demonstrate that such an issue does, in fact, exist. *See Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)); *see also Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

The court generally must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Scott v. Harris,* 550 U.S. 372, 376-77 (2007).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Id.* at 380.

## Analysis

Prisoners have a First Amendment right to send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). In considering whether policies regarding mail are constitutionally valid, a distinction is drawn between incoming and outgoing mail; a lower level of scrutiny applies to policies regarding incoming mail. *Id.* at 413. Prohibition of incoming materials from publishers (*see Thornburgh* at 408) requires the showing of a greater, legitimate security interest than policies concerning other types of mail. *See Altizer v. Deeds*, 191 F. 3d 540, 548 (4th Cir. 1999) (inspection of outgoing mail serves legitimate penological purpose). Likewise, policies concerning legal mail require heightened scrutiny, but isolated incidents of mishandling of mail do not state a claim. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir.1990) (requiring a showing of improper motive or interference with access to courts); *Buie v. Jones* 717 F. 2d 925, 926 (4th Cir. 1983) (isolated incident of mishandling does not show actionable pattern or practice).

Prisoners also have a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U. S. 817, 821 (1977). However:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U. S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997), quoting *Lewis*, 518 U.S. at 355. "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis v. Casey*, 518 U.S. 343, 349 (1996).

With respect to Outlaw's claim that his mail was misdirected or deliberately withheld because he did not receive an Order from this court is belied by the evidence. Clearly, Outlaw knew that Civil Action No. DKC-11-2038 had been dismissed without prejudice, because he filed an Administrative Remedy Procedure ("ARP") complaint. ECF No. 9, Exhibit 8. Outlaw, an experienced litigator, should have been aware that he could have refiled the lawsuit or sought reconsideration of the order dismissing the action without prejudice. Indeed, that option remains available to him. Actual prejudice cannot be shown on this record. Further, to the extent that prison personnel somehow failed to follow their own policies or procedures, such failure, standing alone, does not amount to a constitutional violation. *See United States v. Caceres,* 440 U.S. 741 (1978); *see also Riccio v. County of Fairfax, Virginia,* 907 F.2d 1459, 1469 (4th Cir. 1990) (if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989) (state's failure to follow its own rules or regulations, alone, does not establish a constitutional violation); *Keeler v. Pea,* 782 F.Supp. 42, 44 (D. S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under §

1983). Finally, Outlaw has failed to show actual harassment at the hands of the named Defendants.

## Conclusion

As noted above, Outlaw has not met his burden to show that Defendants caused interference with mail delivery and denied him access to the courts. Defendants' dispositive motion is hereby granted. A separate Order shall be entered in accordance with this Memorandum Opinion.

Date:  June 29, 2012                                    /s/
                                                      DEBORAH K. CHASANOW
                                                     United States District Judge